FILED
SCRANTON

MAY 2 7 2014

Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS VIVIANO,

    Plaintiff,

v.

HAZLETON AREA SCHOOL
DISTRICT AND FRANCIS ANTONELLI

    Defendants.

No. 14-1018

CIVIL ACTION — LAW
JURY TRIAL DEMANDED

## COMPLAINT

**I**    **JURISDICTION:**

1    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the violation by the Defendants of Plaintiff's rights as secured by the Fourteenth Amendment to the United States Constitution. This action is also brought pursuant to the Civil Rights Act of 1991, *as amended*, 42 U.S.C. § 2000e, *et seq.*

**IL VENUE:**

2. Venue lies in this judicial district because all acts complained of by the Plaintiff occurred within this district.

## III. PARTIES:

3. Plaintiff Dr. Thomas Viviano is an adult male citizen and resident of the Commonwealth of Pennsylvania, residing at 706 Mahoning Drive E, Lehighton, Carbon County, Pennsylvania, 18235.

4. Defendant, the Hazleton Area School District, is a municipal corporation or governmental entity within the Commonwealth of Pennsylvania, with a main office located at 1515 W. 23rd Street, Hazle Township, Luzerne County, Pa. 18202. Individual Defendant Francis Antonelli is the Superintendent of Hazleton Area School District.

## IV. CAUSES OF ACTION AND FACTUAL ALLEGATIONS:

5. The Plaintiff began working for the Defendant pursuant to a three year contract dated September 4, 2013.

6. The Plaintiff remains employed by the Defendant.

7. The Plaintiff is the Director of the Career Center for the Hazleton Area School District.

8. The Plaintiff has been a dutiful, diligent employee while employed by the Defendant.

9. The Plaintiff has been subjected to a conspiracy perpetrated by high officials of the District to destroy his career

10. On March 31, 2014, Defendant Francis Antonelli sent a false letter to the Plaintiff, alleging that the Plaintiff had resigned his employment.

11. Defendant Antonelli knew the Plaintiff had never resigned his employment.

12. The School Board of the Defendant Hazleton School District subsequently acknowledged that the Plaintiff had never resigned his employment.

13. A member of the School Board of the Defendant Hazleton School District has sent a letter to the District Administration excoriating the District officials for their outrageous and intentional conduct against the Plaintiff (hereinafter referred to as "the school director's letter).

14. In a letter dated April 4, 2014 Plaintiff's counsel wrote to the School District's Solicitor, stating, inter alia:

I represent Dr. Thomas Viviano, Director of the Career Center for the Hazleton Area School District. My client has been subjected to a series of untoward, adverse and inappropriate actions directed against him by school district officials who appear to be carrying out a pernicious agenda. There is no need for me to delineate these nefarious activities in this correspondence. Recently, a Hazleton Area School Board member wrote a letter excoriating district officials for their

efforts to sabotage my client's career. I will incorporate the aforementioned board member's letter by reference thereto.

15. The Defendants have taken no action to redress the issues discussed in the school director's letter.

16. The Defendants took no action to redress the issues raised in the April 4, 2014 letter from Plaintiff's counsel to the School District's Solicitor.

17. The Defendants have unlawfully withheld salary and benefits owed to the Plaintiff under his contract.

18. Said pay and benefits have been withheld since mid-March, 2014.

19. Plaintiff was never suspended or terminated, and there is no basis for witholding pay and benefits.

20. There is no legal basis or logical rationale to explain the course of conduct and actions being taken against the Plaintiff by the Defendants.

21. The only tenable explanation for the actions being taken against the Plaintiff are those issues raised in the School Director's letter.

22. The actions taken against the Plaintiff were carried out by the Defendants, notwithstanding the existence of a valid, binding three year contract between Plaintiff and Hazleton School District.

23. The School Director's letter pointed out that the Plaintiff enjoys

an exemplary reputation as an educator in the Commonwealth of Pennsylvania.

24. The School Director's letter pointed out that the Plaintiff was being subjected to a campaign of character assassination that was utterly unfounded.

25. Unfortunately, it appears that nothing will deter the vociferous vendetta being carried out by the Defendants against the Plaintiff.

## COUNT I
## VIOLATION OF FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983
## PROCEDURAL DUE PROCESS VIOLATIONS

26. The Plaintiff incorporates herein by reference thereto paragraphs 1 through 25 as if the same were more fully set forth at length herein.

27. At all times relevant to this Complaint, the Defendants intentionally deprived Plaintiff of his constitutional rights to equal protection of law and to due process of law.

28. The Plaintiff believes, and therefore avers, that his constitutional right to due process was violated by the fact that the Defendants refused to provide him with a meaningful due process hearing prior to stopping his pay and benefits.

29. The Plaintiff believes, and therefore avers, that he had acquired a property interest in his job, having worked for the Hazleton School District pursuant to the terms of a three year contract.

30. Defendant did not have good cause to stop the Plaintiff's pay and benefits and to take actions against him intended to destroy his good name and reputation.

31. The Plaintiff believes, and therefore avers, that as a result of the Defendants' actions in the case at bar, he has been deprived of his property interest in his employment without due process of law.

32. The Plaintiff believes, and therefore avers, that at all times relevant hereto, Defendants were acting under color of state law.

33. The Plaintiff has been subjected, by the above-cited acts, to the deprivation by the Defendants under color of state law and of the customs and usages of the Commonwealth of Pennsylvania, of the rights, privileges, and immunities secured to him by the Constitution and laws of the United States.

34. The damages sustained by the Plaintiff are ongoing in nature

35. As a direct and proximate result of the Defendants' intentional

deprivation of the Plaintiff's constitutional rights, the Plaintiff suffered mental anxiety, anguish, distress, stress, sleeplessness, humiliation, loss of reputation, and loss of property in an amount in excess of the arbitration limits established by law.

36. The Plaintiff believes, and therefore avers, that the Defendants' aforesaid actions were outrageous, egregious, intentional, willful, wanton, deliberate, and in reckless disregard of the Plaintiff's rights, entitling Plaintiff to compensatory damages in excess of the arbitration limits established by law.

37. Defendants denied Plaintiff his property right without due process in violation of the Fourteenth Amendment of the United States Constitution by attacking his reputation and stopping his pay and benefits without giving him any type of hearing to apprise him of the reason for said actions and to afford him an opportunity to refute the reason for said actions.

38. The actions of the Defendants set forth above have stigmatized Plaintiff, causing him to be the object of scorn and ridicule, and thereby violating Plaintiff's liberty interest in his good name in violation of the Fourteenth Amendment to the United States Constitution.

39. The actions of the Defendants set forth above have stigmatized Plaintiff, causing him to be the object of scorn and ridicule, and thereby violating Plaintiff's property interest in his job pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

40. The actions of the Defendants set forth above were taken with malice

and in bad faith, entitling Plaintiff to an award of exemplary damages.

41. By reason of the conduct cited hereinabove and the failure to be afforded due process, Plaintiff has lost wages and other compensation and has suffered embarrassment, humiliation, mental anguish and loss of self-esteem.

WHEREFORE, the Plaintiff prays as follows:

(a) Judgment be entered in favor of the Plaintiff, against the Defendant Hazleton School District for compensatory damages in excess of the arbitration limits established by law, together with interest, costs and reasonable attorney's fees; and

(b) That punitive damages be awarded against the individual Defendant.

## COUNT II

## VIOLATION OF FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983 – LIBERTY INTEREST VIOLATIONS

42. Plaintiff incorporates Paragraphs 1-41 as if set forth at length.

43. The public statements made against the Plaintiff were intended to create a stigma against the Plaintiff in the eyes of the community.

44.. The public statements made against the Plaintiff, in addition to creating a stigma against the Plaintiff in the eyes of the community, were intended to be used as a basis for wrongfully terminating the Plaintiff.

45. The actions of the Defendants set forth above have stigmatized the Plaintiff, causing him to be the object of scorn and ridicule, and thereby violating the Plaintiff's liberty interest in his good name in violation of the Fourteenth Amendment to the United States Constitution.

46. Given the circumstances surrounding the outrageous actions taken against the Plaintiff, he did not have a meaningful opportunity to have a name clearing hearing.

47.. The actions of the Defendants set forth above have stigmatized the Plaintiff, causing him to be the object of scorn and ridicule, and thereby violating the Plaintiff's property interest in his job pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

    WHEREFORE, the Plaintiff prays as follows:

(a)     Judgment be entered in favor of the Plaintiff, against the Defendant Hazleton School District for compensatory damages in excess of the arbitration limits established by law, together with interest, costs and reasonable attorney's fees; and

(b) That punitive damages be awarded against the individual Defendant.

Respectfully submitted,

*/s/ Donald P. Russo/*

DONALD P. RUSSO, ESQUIRE
Attorney for Plaintiff
P.O. Box 1890
Bethlehem, PA 18016
(610) 954-8093
Attorney I.D. #25873