**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS VIVIANO, | |
| Plaintiff, | CIVIL ACTION NO. 3:14-cv-1018 |
| v. | (JUDGE CAPUTO) |
| HAZLETON AREA SCHOOL DISTRICT and FRANCIS ANTONELLI, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Hazleton Area School District and Dr. Francis Antonelli (Doc. 8). Because Plaintiff fails to assert sufficient factual allegations in his Amended Complaint (Doc. 6) to plausibly state a claim that the Defendants violated his rights to procedural due process and liberty as protected by the Fourteenth Amendment's Due Process Clause, the Motion to Dismiss will be granted.

**I. Background**

The facts as set forth in the Amended Complaint (Doc. 6) are as follows:

Plaintiff Dr. Thomas Viviano was hired by Defendant Hazleton Area School District ("the District") to serve as the Director of the District's Career Center, pursuant to a three-year contract dated September 4, 2013. (Doc. 6, ¶¶ 5-7.) Defendant Dr. Francis Antonelli is the Superintendent of the District. (Id. at ¶ 4.) The District is a municipal corporation or government entity within the Commonwealth of Pennsylvania. (Id.)

Viviano asserts that he was a diligent employee. (Id. at ¶ 8.) Viviano's salary and benefits were withheld beginning in mid-March, 2014. (Id. at ¶ 18.)

On March 31, 2013, Defendant Antonelli sent a letter to Viviano, which the Complaint characterizes as "mendacious," stating that Plaintiff had resigned his employment. (Id. at ¶ 10.) Plaintiff alleges that Antonelli was doing "everything in his power to force Plaintiff out of his position." (Id.) Plaintiff asserts that Antonelli knew that Plaintiff was not resigning, but was instead being forced out of his job. (Id.) The School Board of the Hazleton Area School District was aware that Antonelli wanted the plaintiff to resign his position. (Id. at ¶ 11.)

A member of the school board, Dr. Robert Childs, sent an undated letter to other board members criticizing them for their conduct toward Viviano. (Id. at ¶ 12; Doc. 6-1, *Ex A*.) In this letter, attached to the Complaint as Exhibit A, Dr. Childs wrote that Viviano was "being subjected to a campaign of character assassination that was utterly unfounded," and that Viviano was an "exemplary educator." (Id. at ¶ 24.) Dr. Childs wrote of his "alarm" at watching the District "force out" Viviano over the course of eight (8) months because some members and Defendant Antonelli were upset that another candidate was not chosen for his job. (Doc. 6-1.) According to the letter, these Board members were "determined" to replace Viviano with their chosen candidate. (Id.) Dr. Childs also mentions "the 'warehousing class' mess" and a "dust-up last fall" because Dr. Viviano did not live in the school district. (Id.)

Plaintiff's attorney also sent the District a letter on April 4, 2014, writing that his client "has been subjected to a series of untoward, adverse and inappropriate actions directed against him." (Id. at ¶ 13.) The District took no actions in response. (Id. at ¶ 16.)

Based on the foregoing, Plaintiff Viviano commenced the instant action on May 27, 2014. (Doc. 1.) On August 5, 2014, Plaintiff filed an Amended Complaint (Doc. 6). The Amended Complaint asserts Fifth and Fourteenth Amendment Due Process Clause claims pursuant to 42 U.S.C. § 1983–Count I for violations of the right to procedural due process

and Count II for violations of the Plaintiff's liberty interest. (Doc. 6, ¶¶ 26-47.)

Defendants filed this Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 19, 2014 (Doc. 8), and a Brief in Support on August 29 (Doc. 9). Plaintiff filed a Brief in Opposition to the motion on September 16, 2014 (Doc. 10). Defendants' Motion to Dismiss is now fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering such a motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims. See *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (*per curiam*) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

3

Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cnty of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits

4

attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir.1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### III. Discussion

In his Complaint, Plaintiff Viviano asserts that Defendants Hazleton Area School District and Superintendent Francis Antonelli violated his Due Process Clause rights under two theories. First, by constructively discharging him before his contract ended, without adequate process, they deprived him of his property interest in continued employment–thus violating his right to procedural due process. Second, they deprived him of his right to liberty, an interest also protected by the due process clause, when they created stigma around him.

Defendants' motion to dismiss raises three main arguments. First, they assert that Plaintiff failed to state procedural due process and liberty claims because he voluntarily resigned his position. Second, they argue that the Complaint does not list any concrete actions that could establish that Defendants subjected Plaintiff to constructive discharge, or

5

any public statements that could establish that they subjected him to stigma. Third, they argue that Plaintiff failed to allege any facts that could establish a right to punitive damages against Defendant Antonelli.[1]

**A. Constructive Discharge**

Parties agree that Plaintiff resigned his position; however, Plaintiff asserts that it was the result of a constructive discharge. Defendants' first argument in their Motion to Dismiss is that "where Plaintiff voluntarily resigned his position, he cannot demonstrate that he was denied due process rights." (Doc. 8, ¶ 5.) However, Defendants recognize that were the resignation a "constructive discharge," he could indeed make that claim. (Id. at ¶ 6.)

There are two circumstances in which an employee's resignation is deemed involuntary for due process purposes: "(1) when the employer forces the resignation or retirement by coercion or duress, or (2) when the employer obtained the resignation or retirement by deceiving or misrepresenting a material fact to the employee." *Rife v. Borough of Dauphin*, 647 F. Supp. 2d 431, 449-50 (M.D. Pa. 2009) (quoting *Leheny v. City of Pittsburgh*, 183 F.3d 220, 228 (3d Cir.1999)).

With respect to constructive discharge, "a court must determine 'whether a reasonable jury could find that the [employer] permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign.'" *Duffy v. Paper Magic Grp., Inc.*, 265 F.3d 163, 167 (3d Cir. 2001) (quoting *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 972

---

[1] I do not address Defendants' Motion to Dismiss Plaintiff's claim for punitive damages here, as I dismiss Plaintiff's underlying claims, thus making an analysis of remedies irrelevant.

(3d Cir.1998) (citations omitted)).

Defendants argue that Plaintiff's resignation letter is proof that there was no constructive discharge, and attach a copy to their Motion. However, the letter in itself does not disprove constructive discharge. Defendants assert that the letter was sent before the actions Plaintiff claims forced his resignation. However, Plaintiff asserts that he faced a hostile work environment for a period preceding his letter. Additionally, Dr. Childs' letter to the School Board (attached to the Complaint as Exhibit A) does not contain a date, but centers on "the past eight months." (Doc. 6-1.) The majority of resignations, whether authentic or constructive, are accompanied by a letter of resignation. The letter of resignation does not prevent the plaintiff from claiming constructive discharge.

Defendants' second argument is more persuasive: that the Complaint and accompanying document fail to mention any specific actions on the part of Defendants that could plausibly make out a claim for relief on the grounds of constructive discharge.

Again, the inquiry for a court with respect to constructive discharge is "whether . . . the [employer] permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign,'" *Duffy*, 265 F.3d at 167. A resignation is also considered not voluntary "(1) when the employer forces the resignation or retirement by coercion or duress, or (2) when the employer obtained the resignation or retirement by deceiving or misrepresenting a material fact to the employee." *Rife*, 647 F. Supp. 2d at 449-50. Plaintiff asserts that he was compelled to resign by a hostile work environment and also a mendacious letter sent by Defendant Antonelli.

Plaintiff's Complaint and the accompanying letter by Dr. Childs do not state facts to establish either of those grounds. Accepting as true all facts in the complaint, Plaintiff has

not pleaded "enough facts to state a claim to relief that is plausible on its face," for a claim of constructive discharge, as required by *Twombly*, 550 U.S. at 570. Plaintiff's complaint and the accompanying letter assert that there was a culture of hostility, in which board members upset that their candidate had not been chosen as Director subjected Plaintiff to an exceedingly unpleasant work environment. However, the Complaint does not describe any specific actions or events that took place, nor does it assert any facts that indicate such an environment. The Complaint and accompanying exhibit discuss "untoward" behavior but do not allege any actual instances of behavior on the part of the District or Antonelli.

The only concrete action on the part of any defendant that Plaintiff describes is that Defendant Antonelli sent a "mendacious letter to the Plaintiff, alleging that the Plaintiff had resigned his employment." (Doc. 6, ¶ 10.) However, Plaintiff fails to describe the letter beyond that, and not does allege how such a letter could have caused the constructive discharge. Viviano asserts that Defendant Antonelli was "doing everything in his power" to force out Viviano, but does not provide a single example of this. Dr. Childs' letter mentions "the 'warehousing class' mess" and a "dust-up last fall" because Viviano did not live in the district, but does not include any facts about these incidents.

**B. Stigma**

Count II of Plaintiff's Complaint alleges that he was deprived of the right to liberty, as guaranteed by the Due Process Clause, when Defendants made false public statements about him, creating stigma. Defendants' Motion to Dismiss argues that "Dr. Childs' letter does not contain any public statements that could establish 'stigma plus.'" (Doc. 8, ¶ 8-9.) I examine the Complaint as a whole to determine if Plaintiff has asserted any public

statements that could plausibly establish stigma.

For a public employee to prevail under § 1983 on a theory of stigma in connection with a job loss, the employee must prove that stigmatizing statements about him were created and disseminated, and that he was terminated. *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (citing *Wisconsin v. Constantineau,* 400 U.S. 433 (1971)). Such statements must be false and made publically. *Id.* To prevail on a reputation-based liberty interest claim, a plaintiff must assert, in addition to stigmatizing statements, the loss of "some more tangible interests such as employment." *Id.* (Citing *Paul v. Davis,* 424 U.S. 693, 701 (1976)). "When such a deprivation occurs, the employee is entitled to a name-clearing hearing." *Id*. As discussed above, Plaintiff Viviano has not successfully alleged constructive discharge, and so cannot assert a claim for the loss of a "tangible interest."

However, even if he had, the Complaint does not allege enough facts to establish that Viviano experienced stigma as the result of his job loss. In the complaint, Plaintiff states that he suffered a "character assassination," and faced public scorn, but does not allege any specific facts. Additionally, Plaintiff does not present any facts to support his claim that he suffered stigma as a result of these public statements.

In Plaintiff's Brief in Reply to Defendants' Motion to Dismiss (Doc. 10), Plaintiff explains that the "public statement" he references is a "publically issued letter stating he had resigned." (Doc. 10, 9.) However, Plaintiff does not adequately allege that this letter created the stigma or character assassination claimed, and does not assert this fact in his Amended Complaint (Doc. 6). Plaintiff's complaint and accompanying letter contain largely assertions and conclusions, which alone do not allow it to survive a motion to dismiss.

9

### IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss will be granted. Plaintiff's claim will be dismissed without prejudice. Plaintiff is granted leave to amend his Complaint within thirty (30) days.

An appropriate order follows.


December 17, 2014                                          /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                            United States District Judge